NORMAN SUNESON *vs.* YVONNE SUNESON & another.[1] June 18, 1987.
*Estoppel. Divorce and Separation,* Judgment, Pension benefits.

In this action brought in the Superior Court under G. L. c. 231A, the
plaintiff, Norman Suneson, seeks a declaration that he, and not Yvonne
Suneson, is entitled to the retirement benefits under G. L. c. 32 of his
deceased brother, Paul Suneson. The case was tried on the basis that if
Yvonne is considered Paul's widow, by reason of estoppel,[2] her claim,
rather than Norman's, will prevail.

We take our facts from the memorandum of decision of the trial judge,
and we also adopt his reasoning. In 1971, Yvonne's then husband, Louis
Bilodeau, told her he was going to obtain a Mexican divorce. Yvonne
consented and signed several forms, including a form submitting to the
jurisdiction of the Mexican court and assenting to the entry of a divorce
decree. Shortly thereafter, she received through the mail a copy of a three-
page document entitled "Final Divorce Decree."

Prior to Paul's marriage to Yvonne in 1977, Paul examined the Mexican
divorce papers which were filed in the city clerk's office in Gardner. Both
Paul and Yvonne entered into their marriage believing themselves free to
marry. They separated in 1980, and in 1982 Paul designated Norman as
his beneficiary under G. L. c. 32, § 11.

After Paul's death in 1983, an investigation revealed that the Mexican
court that purportedly had issued the divorce decree had no record of any
action between Yvonne and Louis Bilodeau and had no record of any divorce
decree. It thus appears that an attorney for Bilodeau sent the parties a
fraudulent and invalid Mexican decree.

Despite the probable invalidity of Yvonne's divorce, the trial judge,
relying on *Poor* v. *Poor,* 381 Mass. 392 (1980), treated the case as one
where, balancing the equities, Paul would now be estopped from challenging
the divorce. In *Poor,* where the wife relied in good faith on the validity of
her divorce and both parties "undertook their marital obligations in the
belief that [the wife's] divorce was valid . . ." the court stated at 396,

---

[1] State Board of Retirement. See G. L. c. 10, § 18, and G. L. c. 32, § 20(1) (*b*).
This defendant assented to being joined as a nominal party because it holds the funds
here involved.

[2] Estoppel does not make a marriage valid; rather, the estopped person may not
claim that the marriage is invalid. See *Poor* v. *Poor,* 381 Mass. 392, 396 n.6 (1980).

"There is no reason to permit either party now to contradict vows solemnly and deliberately made . . . ." See also *Kosak* v. *MacKechnie, ante* 20, 23-24 (1987).

Norman urges that *Poor* is inapplicable because here there is no foreign judgment but only a fake decree. We, however, agree with the trial judge, who said: "As long as the parties' belief is sincere, it makes little difference [for purposes of estoppel] whether the divorce was issued by a Mexican court that lacked jursidiction, or whether it was issued by an attorney doing a brisk business in fraudulent Mexican divorces." See Clark, Estoppel Against Jurisdictional Attack on Decrees of Divorce, 70 Yale L.J. 45, 59-60, and cases cited in n.73 (1960).

We also agree with the judge that Norman, a stranger to the marriage, has standing only as Paul's designee and, as such, is to be estopped "just as Paul would have been estopped." See Restatement (Second), Conflict of Laws § 74 comment b (1971), which states: "Estoppel against a particular person will be effective against those in privity with him as, for example, his agents, legatees and personal representatives." See also *Edgar* v. *Richardson,* 33 Ohio St. 581, 591 (1878).

*Judgment affirmed.*

*Thomas F. McGuire* for the plaintiff.
*Gregory V. Roach* for Yvonne Suneson.